Lipscomb, J.
This was a suit by a scire facias to revive' a judgment of the District Court of Jefferson county, rendered in favor of the appellees against the appellant’s intestate.
The record is so badly transcribed that it lias been with much difficulty that we have been able to read and understand tlie points presented, and tlie rulings of (lie court thereon made; and it is possible that we may not correctly comprehend some matter that, correctly understood, might he material to a correct disposition of tlie case. Tlie parties who bring such records into this court and the clerk who transcribed it justly deserve the most unqualified reprehension.
In the mass of bad pleading we have discovered but two grounds of objection to the judgment that we believe entitled to tlie notice of this court.
Tlie defendant pleaded to tlie scire facias the statute of limitations, which was excepted to by tlie plaintiff's, and the exception was sustained by the court. Now, as an abstract proposition, it cannot bo controverted tliat tlie .statute of limitation is a bar to the revival of a judgment as well as to an action on a judgment itself; and, in this respect, the law is the same, whether the suit be by a scire facias or upon the original judgment. But this plea being falsified by the record, there can be no objection to sustaining the exception to Us sufficiency. It will be seen by reference to article 2378 of Hart-ley’s Digest that tlie judgment could be revived within ten years from its rendition by a scire facias or by an action of debt. In this case tlie record before the court showed that tlie ten years had not expired at the commencement of the suit. It shows that tlie judgment sought to be revived was rendered at tlie September Term, 1S45, and this suit was commenced on the •28th of Hay, 1851. There was then no error in ruling out the statute of limit.ations.
The remaining point relates to the evidence to support the allegation of a presentation of the claim to tlie administrator. The administrator hart refused to allow or reject tlie claim when it was presented to him, and the plaintiff not being furnished with the evidence that the administrator ought to llave siijiplied to him, proved it by a witness whoso evidence was taken by interrogatories, and in answering tlie interrogatories, lie proved it explicitly, and embodied in his answer a memorandum made by him for tlie purpose of identifying the claim. To this memorandum being embodied by the witness tlie defendant objected, and the court overruled the objection. We believe tlie. court was right in so ruling. Tlie failure of the administrator to indorse the rejection of the claim, made it necessary to be proven aliunde; *248 and for the purpose of identifying’ the claim presented, it was not an unnecessary precaution on the part of the witness to have made such memorandum.
Note 84. — Fessenden v. Barrett;, ante, 475.
All the other objections are considered to be frivolous and groundless.
Judgment affirmed.